[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. FACTUAL AND PROCEDURAL BACKGROUND
This decision encompasses two separate land use matters which were consolidated for purposes of trial but for which separate decisions of the court are necessary. All counsel involved in both cases stated to the court that they have no objection to the court rendering its two separate decisions in the body of this one memorandum of decision.
On October 8, 1991, Podunk Earth Products Recycling Center, Inc. (defendant applicant) filed an application with special exception and site plan approval for the same operation CT Page 3121 requested in the wetlands application. On April 7, 1992, the defendant Commission denied plaintiff's application. Notice of the decision was published on April 13, 1992. By complaint dated April 27, 1992, and served on the defendant Commission April 28, 1992, the plaintiff appealed the defendant Commission's decision (zoning appeal). Subsequent to the filing of the appeal, on June 19, 1992, Chapel Hill Condominium Association, Inc. filed a motion to be made a party defendant in the case. That motion was granted by the court (Maloney, J.) on July 6, 1992.
In the zoning appeal the plaintiff claims that the defendant commission prejudged the application and was predisposed in its decision. Secondly, the plaintiff claims that each of the six reasons which the defendant Commission cited for its denial were an abuse of the Commission's discretion as the application met all of the standards of the zoning regulations. Finally, plaintiff claims that the third party defendant, Chapel Hill Condominium Association, Inc., is not aggrieved and has no standing in the case.
All parties filed briefs in the wetlands appeal. The plaintiff and the defendant Commission filed briefs in the zoning appeal; the third party defendant Chapel Hill adopted the the town of South Windsor's Inland Wetlands Agency (defendant Wetlands Agency) for approval to reclaim a clay pit and fill approximately 4.6 acres of wetlands with 280,000 cubic yards of soil. On March 9, 1992, the defendant agency approved the application with conditions. Notice of the decision was published on March 14, 1992. The plaintiff, Chapel Hill Condominium Association, Inc., an abutting property owner, appealed the decision (wetlands appeal) by complaint dated March 27, 1992.
In the wetlands appeal the plaintiff claims that the defendant agency's decision was improper for three reasons. First, the plaintiff claims that the three conditions imposed by the defendant commission on its approval of the application abdicated the agency's own responsibilities. Second, the plaintiff claims that the notice of the hearing was defective [under § 22a-42a(c) of the Connecticut General Statutes] in that it did not advise the public of the location of the property which was the subject of the application. Third, the plaintiff claims that the notice of the decision was defective in that it did not list the specific conditions which were part of the agency's approval. CT Page 3122
Dennis Botticello d/b/a Podunk Earth Products Recycling Center, made application to the town of South Windsor's Planning and Zoning Commission (defendant Commission) for a defendant Commission's brief. The court heard oral argument on the briefs and testimony as to aggrievement in both appeals on January 10, 1995.
II. DISCUSSION
A. Court's Standard of Review
In any land use matter, the court's scope of review is limited to the record. The court must determine from the record whether there was a logical and rational basis for the agency's or commission's decision. The court is not allowed to substitute its judgment for that legally vested in the agency. This limitation on the scope of review in an administrative appeal is fundamental. See Cos Cob Volunteer Fire Co. No. 1,Inc. v. FOIC, 212 Conn. 100, 105 (1989).
Specifically, where a land use commission ". . . has formally stated the reasons for its decision, the court should not go behind that official collective statement of the commission. It should not attempt to search out and speculate upon other reasons which might have influenced some or all of the members of the commission to reach the commission's final collective decision." DeMaria v. Planning and Zoning Commission,159 Conn. 534, 541 (1970). See also Welch v. Zoning Board ofAppeals, 158 Conn. 208 (1969).
Therefore, if the reasons have been stated on the record, the court's sole review is to determine whether the reasons assigned by the commission for its action find reasonable support in the record before it and whether the reasons are pertinent to the consideration which the commission was to apply under the regulations. Cameo Park Homes, Inc. v. Planningand Zoning Commission, 150 Conn. 672, 677 (1963).
With these general principles in mind, the court will turn to each of the respective appeals.
B. The Wetlands Appeal
1. Aggrievement. CT Page 3123
As previously stated, the plaintiff in the wetlands appeal is an adjacent property owner, specifically, the condominium association of the adjacent condominium complex. Section22a-43 of the Connecticut General Statutes specifies in pertinent part: ". . . any person aggrieved by any . . . decision . . . or any person owning or occupying land which abuts any portion of land or is within a radius of ninety feet of the wetland or watercourse involved in any . . . decision . . . may . . . appeal to the superior court. . .".
At the hearing, the plaintiff called the president of the condominium association as a witness; he testified that the association's property abuts the defendant applicant's property. This testimony was not contradicted. Accordingly, the court finds that the plaintiff is aggrieved and therefore, has standing to pursue the appeal.
2. Claims of Law.
The plaintiff claims three bases for error in its complaint: three of the sixteen conditions imposed as part of the approval abdicated the wetlands agency's responsibilities; the notice of the hearing was defective in that it did not contain information regarding the property's location; and the notice of decision was defective in that it did not contain the specific conditions of approval. The court will look at each of these claims individually.
a.) Conditions imposed on approval.
At the time that the defendant agency approved the application, it set sixteen conditions on its approval, three of which the plaintiff claims either improperly delegate the defendant agency's authority to town staff or fail to provide standards from which the applicant's compliance can be measured.
The first condition which the plaintiff questions is number two: "Construction activities shall be subject to the approval of the Town Engineer." Plaintiff contends that "construction activities" are not defined in the approval and that this condition has been improperly delegated to the Town Engineer. The defendant agency correctly states the law: a land use board can delegate authority conditional to the favorable approval of others over which it has no control. An approval CT Page 3124 will not be held invalid solely because of the existence of a condition which needs further approval from some other body. See Blaker v. Planning Zoning Commission, 212 Conn. 471, 482
(1989). Where cooperative action is necessary to accomplish a desirable result, a conditional approval is appropriate. Luriev. Planning Zoning Commission, 160 Conn. 295, 307 (1971).
As the defendant applicant argues, this condition is to ensure that the construction comports with the defendant agency's approval of the specific application. Since the commission is composed of lay people, it is not unusual and in fact, is acceptable that the defendant agency rely on the Town Engineer and his expertise regarding the construction of this project. Such procedure is in conformance with the law. "The use of agencies of the town is essential to the proper transaction of the business of the [defendant] commission. It is not uncommon to delegate ministerial functions to other town agencies."Forest Construction Co. v. Planning Zoning Commission,155 Conn. 669, 678 (1967);
The second condition which the plaintiff questions is number nine: "The barrels of unknown substance(s) on the site shall be removed, and properly disposed of, prior to any site improvements. Soil tests shall be done to determine whether or not the soil is contaminated. If so, proper soil remediation shall be done." Plaintiff argues that this condition lacks standards for compliance. This court disagrees. It is axiomatic in land use matters today that many agencies and departments must interact to assure that a project is built correctly, as it has been approved. If the defendant applicant can not appropriately comply to the defendant agency's satisfaction, then the defendant agency will not issue the permit for the project. Again, it would not be unreasonable that either the town's sanitarian or the State Department of Environmental Protection would be advising the defendant agency in this regard. Such advice, as this court has previously concluded, would be appropriate. Lurie, supra.
The third condition which the plaintiff argues is inappropriate is number 14: "Adequate funds shall be made available, by the applicant, to provide a daily inspector for the site while the filling operation is taking place. The details for this are to be worked out with the Town Manager and the Town Attorney. The qualifications of the inspector, and the responsibilities, shall be submitted in writing and are to CT Page 3125 be reviewed by the IWA/CC. The inspector shall maintain a log indicating the origin of the fill, shall monitor the site for compliance with the permit conditions, and shall have other responsibilities as determined appropriate by the Town." Again, the plaintiff argues that this condition improperly abdicates responsibility to inappropriate individuals and does not clarify the standards under which the individuals must work. Again, this court is not persuaded by plaintiff's argument.
As the defendant agency appropriately points out in its brief, the appropriateness of the inspector's duties and responsibilities are to be reviewed by the defendant agency itself. Consequently, any claim of inappropriate delegation of duties fails. The language of the condition is clear and speaks for itself. The condition is very specific as to the procedure to be utilized for the defendant applicant to comply.
Finally, it should be noted as to all of the conditions of which the plaintiff complains that Section 15.2 of the town's wetlands regulations authorizes the use of agents appointed by the defendant agency to monitor, maintain, and inspect projects. In this court's opinion that could include the Town Engineer and a site inspector. (See Record, Item 90.)
b.) Defective prehearing notice.
The plaintiff argues that the defendant commission's approval of the application is void because the published notices of the public hearing (Record, Item 12) failed to comply with Connecticut General Statutes § 22a-42a(c) as the notices did not properly advise the public of the subject property's location. That statutory section states in pertinent part:
 Notice of the hearing shall be published at least twice at intervals of not less than two days, the first not more than fifteen days and not fewer than ten days, and the last not less than two days before the date set for the hearing in a newspaper having a general circulation in each town where the affected wetland and watercourse, or any part thereof, is located. All applications and maps and documents relating thereto shall be open for public inspection. CT Page 3126
There is nothing in this statutory language which lists the specifics of what a notice of hearing should contain. There is case law, however, which aids the court in this regard.
The purpose of statutory public prehearing notice is fairly and sufficiently to apprise the public of the proposed action, so as to enable intelligent preparation for participation in the hearing. R. B. Kent Sons, Inc. v. Planning Commission,21 Conn. App. 370, 378 (1990), citing Cocivi v. Plan Zoning Commission, 20 Conn. App. 705, 708 (1990). Although the notice may not be misleading, it need not be exact, and a public filing of the plan is relevant to the determination of the adequacy of the notice. Shrobar v. Jensen, 158 Conn. 202,207-208 (1969).
In the instant case, the notices advertising the public hearing listed the property as "located on the easterly side of Route 5, southerly of Pleasant Valley Rd., and northerly of Chapel Rd." Plaintiff argues that this description is inadequate as it does not identify the owner of the property, does not refer to the property by a street address or an assessor's map, and does not distinguish this property from other parcels which lie between these three roads. To support its position, plaintiff cites the case of Peters v. EnvironmentalProtection Board of the City of Stamford, et al., 25 Conn. App. 164
(1991). In Peters the subject property was described as "to consider information relevant to Application #8843. Transcon Builders, Inc., for activities on Stillwater Road." ThePeters trial court found "that the board's published notice of the public hearing did not satisfy the statutory notice requirements because it had failed to describe the subject property by metes and bounds, by a specific address, or by making reference to any nearby streets or intersections." Id. at 166. The appellate court affirmed this finding.
This court finds the property description in the instant case to be more specific than the description in thePeters case. In this matter the property description is clearly delineated by the three roads which surround the subject property. Both defendants allege, and the plaintiff has not argued to the contrary, that no street address was listed for the parcel as no street address exists for the parcel. This court finds the instant property description to be comparable to the description in R. B. Kent which the court found acceptable. In the latter case the notice read: "a proposed 30 lot CT Page 3127 subdivision of approximately 35.42 acres of land at the southern end of Eagle Ridge Drive and Partridge Hollow Road." This description did not contain the name of the property owner, nor did it contain a street address; yet, it did pass muster with the appellate court. It is similar in content to the description in this case. Consequently, this court finds that the prehearing notice was adequate and complied with the statutory mandate regarding prehearing publication.
c.) Defective posthearing notice.
Plaintiff's final claim on appeal is that the published notice of decision is inadequate because it failed to apprise the public of the conditions imposed on approval of the application.
The purpose of the statutory postapproval publication is to give notice to interested parties of the decision and to commence the start of the appeal period. Akin v. Norwalk,163 Conn. 68, 73 (1972); Hubbard v. Planning Commission, 151 Conn. 269,271-72 (1963). "It is not essential that a notice of decision expressly state every consideration that might be relevant to any party who might want to appeal the board's decision. It is only necessary to provide notice adequate to ensure a reasonable opportunity within the applicable time constraints to obtain the information required to form an opinion whether or not to appeal." Bridgeport Bowl-O-Rama v. ZoningBoard of Appeals, 195 Conn. 276, 282 (1985).
The plaintiff argues that the notice had to include the sixteen conditions imposed as part of the agency's approval in order to be a valid notice. In support of its argument, the plaintiff relies on Polzella v. The Planning and Zoning Commissionof the Town of Wolcott, 7 C.L.T. 44 (Super.Ct. November 2, 1981). That case is clearly distinguishable from the case at bar. In Polzella the approval included nine conditions; the commission s posthearing notice of decision listed only two conditions. The trial court concluded that all conditions should have been published as opposed to just two; consequently, the notice was defective. What the trial court's decision did not address was whether the notice would have been adequate if the notice simply stated "application approved with conditions." It is this court's interpretation of Polzella that it is not appropriate for a land use agency to pick and choose which of a multitude of conditions it will include in a post-hearing CT Page 3128 notice; this procedure is clearly misleading to the public. A notice must contain all of the conditions or a blanket statement that the application has been approved "with conditions."
This court finds that the posthearing notice complies with the Supreme Court's decision in Bridgeport Bowl-O-Rama,
supra, which found a notice to be adequate which stated: "9. 4531-4575 MAIN ST. Petition of First National Stores, Inc. GRANTED CONDITIONALLY." The court found that that language coupled with the original prehearing notice was sufficient to comply with the law. The language in the posthearing notice in this case duplicates the language in the notice in Bridgeport Bowl-O-Rama and adds to it more specific information copied from the prehearing notice. The defendant agency's notice read: "Approve with conditions appl. #91-43P, Podunk Earth Products Recycling Ctr — IWA/CC permit for the constr. of a recycling operation to process surplus earth and wood materials into saleable products, and for earth filling of up to 280,000 cu. yds. of clean fill, on property located on the easterly side of Route 5, southerly of Pleasant Valley Rd. and northerly of Chapel Rd., I zone." Accordingly, the court finds the post-hearing notice published by the defendant agency to be adequate.
C. The Zoning Appeal
1. Aggrievement
The plaintiffs in this appeal are the applicant who is the agent of the property owner and the property owner. The first named plaintiff, Dennis Botticello d/b/a Podunk Earth Products Recycling Center, testified at the hearing that his father, Anthony Botticello, the second named plaintiff, was the owner of the subject property. He was his father's agent for purposes of the application. The record itself substantiates this testimony. (Record, Item 1.)
Section 8-8 of the Connecticut General Statutes specifies in subsection (a)(1): "`Aggrieved person' means a person aggrieved by a decision of a board . . . In the case of a decision by a zoning commission, planning commission, combined planning and zoning commission or zoning board of appeals, `aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." CT Page 3129
When the plaintiff is the owner of the property in question, the plaintiff is certainly aggrieved. Bossert Corporationv. Norwalk, 157 Conn. 279, 285 (1968). Aggrievement ". . . requires a showing that the plaintiffs have a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of the community as a whole, and that the plaintiffs were specially and injuriously affected in their property or other legal rights." Sheridan v. Planning Board, 159 Conn. 1,13 (1969). See also Nader v. Aldermatt, 166 Conn. 43, 51
(1974).
In the zoning appeal, as previously stated, one of the plaintiffs is the owner of the property and the other plaintiff is the applicant who acted as the agent for the owner. Accordingly, the court finds that both plaintiffs are aggrieved.
2. Claims of Law.
The plaintiffs claim three bases for error in their complaint: the defendant commission was both prejudiced and predisposed to their application; the defendant commission's six reasons for denial of the application were an abuse of its discretion as the plaintiffs' application met all of the regulations; and Chapel Hill, an intervening, third party defendant, is not aggrieved and has no standing to be in the case. Each of these claims will be addressed individually.
 a.) Prejudice and predisposition of defendant commission.
In order to support a predetermination claim, there must be a showing that the defendant commission had made up its mind regardless of any evidence produced or argument presented at the public hearing. Daviau v. Planning Commission,174 Conn. 354, 358 (1978). This showing of bias or prejudice must be made by the claimant as the courts have placed the burden of proof in such matters on the claimant. Furtney v. Zoning Commission,159 Conn. 585 (1970).
In the present case, the plaintiffs claim that the defendant commission was prejudiced and predisposed by relying on statements made by the defendant commission s chairperson and on a newspaper article pertaining to an anti-trust case against trash haulers. This court is not persuaded that these CT Page 3130 statements or the article are sufficient to meet plaintiffs' burden of proving prejudice or predisposition on the part of the defendant commission.
All but one of the statements on which the plaintiffs rely in support of their allegations are statements the commission chairperson made in work sessions. The purpose of discussing the plaintiffs' proposed application during these work sessions was to determine whether the proposed project conformed to the town's zoning regulations and provide the plaintiffs with commission input regarding the project's feasibility. This purpose was articulated by plaintiffs' own legal counsel at the July 9, 1991, work session. [See Transcript (July 9, 1991), p. 18.] Despite their own attorney's representation, plaintiffs now try to persuade the court that statements made in those work sessions were prejudicial. The court is not convinced.
The law is clear: it does not prohibit commission members from expressing their opinions concerning the proper development of their communities. Furtney, supra. The statements offered by the plaintiffs to support their contention that the defendant commission's decision exhibited prejudice and predisposition are in fact opinions and thoughts on the matter. Nothing exists in the record which speaks to the fact that the chairperson or other members of the defendant commission had made up their minds prior to hearing all of the evidence. It is the plaintiffs' responsibility to establish that the public hearing was in fact a "sham" in order to prove prejudice and/or predisposition. Courts must be scrupulous not to hamper the legitimate activities of civic administrative boards by indulging in a microscopic search for technical infirmities in their actions. Couch v. Zoning Commission, 141 Conn. 349
(1954).
Finally, the newspaper article offered by the plaintiff is hardly persuasive evidence of prejudice or predisposition. In fact, its relevence to the instant case is unclear. The undated article describes the acquittal of a Guy "Sonny" Antonacci for extortion and attempted extortion in an antitrust case involving eight garbage haulers charged with conspiring to monopolize the Hartford area trash market between 1985 and 1987. Apparently, as argued in plaintiffs' brief, one of the eight trash haulers was a corporation owned by the plaintiffs' family. Nowhere is this evident in the article and even if it CT Page 3131 were, it would be unclear as to the relevance of the evidence to this case. There is no way to determine whether any member of the defendant commission was aware that this case even existed and even such an awareness does not constitute grounds for a decision by this court to find prejudice or predisposition. Accordingly, the plaintiffs' first ground for appeal, prejudice and predisposition, fails.
 b. Defendant commission's six reasons for denial of the application.
In its denial of the plaintiff's application, the defendant commission gave the following six reasons for denial:
 i. Negative impact on future industrial development and property values in the surrounding area;
 ii. Balance between neighborhood acceptance and community needs not achieved.
 iii. The goals and objectives of the I-291 corridor and Plan of Development are not met.
 iv. The recycling center would have a major impact on the tone of future development.
 v. Continual noise generation would be objectionable to residential community.
 vi. Truck traffic generation is unknown, estimated only, and adverse impacts on Chapel Road could be created.
"Where a zoning authority has stated its reasons [for its action], in accordance with General Statutes § 8-3, the reviewing court ought only to determine whether the assigned grounds are reasonably supported by the record." DeMaria v.Planning Zoning Commission, 159 Conn. 534, 540 (1970). See also Primerica v. Planning and Zoning Commission, 211 Conn. 85
(1989). If even one of the stated reasons is sufficient to support the commission's decision, this court must uphold the decision. Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47,49 (1984). This court will address each of the defendant CT Page 3132 commission's reasons for denial individually.
i. Negative impact on future industrial development and property values in the surrounding area.
The town's zoning regulations allow a recycling center as a special exception in the zone in which the plaintiffs' property is located. If this type of use in this zone was a commission concern, the defendant commission could have sought to change the regulations. "A zoning authority is free to modify its regulations whenever time, experience, and responsible planning for contemporary or future conditions reasonably indicate the need for a change." First Hartford Realty Corp. v.Plan Zoning Commission, 165 Conn. 533, 544 (1973).
Section 6.1.3.7 allows for solid waste/recycling/transfer station facilities, including storage and maintenance of vehicles and refuse containers, but excluding dumping and or disposal on-site of waste originating offsite. The designation of a particular use of property as a permitted use establishes a conclusive presumption that such use does not adversely affect the district and precludes further inquiry into its effect of traffic, municipal services, property values, or the general harmony of the district. Beit Havurah v. Zoning Board of Appeals,177 Conn. 440, 443 (1979).
Finally, there is no reasonable support in the record that there would be any negative impact on future development. The defendant commission members candidly described the area as being developed with industrial businesses predominating. [See Transcript, (July 23, 1991), pp. 11-12.] Accordingly, this court rejects the defendant commission's first reason for denial of the plaintiff's application.
 ii. Balance between neighborhood acceptance and community needs not achieved.
Section 6.1.3, subsection 6 of the town's zoning regulations provides that in reviewing a special exception use, the defendant commission must consider ". . . a balance between neighborhood acceptance and community needs". A commission's review of community needs and neighborhood acceptance is a subjective analysis. There was support for the plaintiffs' application, but there was considerable opposition as well. [See Transcripts, (December 10 and December 17, 1991).] The CT Page 3133 record supports the fact that the defendant commission considered and recognized the need for recycling in the area, but the defendant commission counterbalanced this need by the considerable opposition posed by the many nearby residents.
This court is not permitted to interpose its own views on a commission decision when a commission has exercised honest judgment. Town of Westport v. City of Norwalk,167 Conn. 151, 157-158, 161 (1974); see also Torsiello, supra. The record does not support a conclusion that the commission acted arbitrarily and capriciously in deciding that the balance between neighborhood acceptance and community needs was not achieved. The courts must "allow zoning authorities this discretion in determining the public need and the means of meeting it, because the local authority lives close to the circumstances and conditions which create the problem and shape the solution." Cameo Park Homes, Inc., supra, at p. 677.
This court finds that this second reason, the balance between neighborhood acceptance and community needs was not achieved and was a legitimate reason for the defendant commission to deny the plaintiff's application.
 iii. The goals and objectives of the I-291 corridor and Plan of Development are not met.
Subsection 1 or section 6.1.3 of the town's zoning regulations mandate the defendant commission review the plan of development when considering any special exception. "A comprehensive plan has been defined as a general plan to control and direct the use and development of property in a municipality or a large part thereof by dividing it into districts according to the present and potential use of the properties." Summ v. ZoningCommission, 150 Conn. 79 (1962).
In this case, the town's plan of development shows industrial uses in this area. If the plan of development indicates that this type of use and development is appropriate for this site, it seems unreasonable for the defendant commission to conclude otherwise. While it is true that a zoning authority is free to modify its own regulations, Beit Havurah, supra, and amend its plan of development, the defendant commission has not done that.
The designation of a particular use or property as a CT Page 3134 permitted use establishes a conclusive presumption that such use does not adversely affect the district and precludes further inquiry into its effect on traffic, municipal services, property values, or the general harmony of the district. Id.
at 443. Accordingly, this court does not find the defendant commission's reason number three for denial to be a legitimate one.
 iv. The recycling center would have a major impact on the tone of future development.
Section 6.1.3 of the town's zoning regulations does not speak to the above-captioned criteria specifically. Language in that section, however, does state: "The Commission may impose additional approval conditions in accordance with these regulations in order to ensure that all criteria enumerated above and/or within a particular use category are satisfied. " A commission is precluded, however, from denying an application based on vague or undefined considerations or reasons outside the scope of the statutes or regulations. Beach v.Planning Zoning Commission, 159 Conn. 534, 540 (1970); RKDevelopment Corporation v. Norwalk, 156 Conn. 369 (1968);Kosinski v. Lawlor, 177 Conn. 420, 427 (1979).
As previously cited, the designation of a particular use or property as a permitted use establishes a conclusive presumption that such use does not adversely affect the district.Beit Havurah, supra. If the defendant commission felt that recycling centers would have an impact of the tone of future development, then the defendant commission needs to review its own zoning regulations and raise its own amendments to same as the commission deems appropriate. Until that time, this court does not find the defendant commission's fourth reason for denial to be a reasonable or legitimate one.
 v. Continual noise generation would be objectionable to residential community.
Noise generation is not a criterion to be specially considered by the defendant commission when reviewing special exceptions under Section 6.1.3 of the regulations. Section 6.1.5.1(c) of the town's zoning regulations controls the issue of noise. Particular noise level standards are set out in the regulations for the particular zone and/or use. CT Page 3135
Evidence was presented to the defendant commission that showed the project met the noise level standard in conformance with the regulations. (Record, Exhibit 26, Appendix G) While it is true that determination of factual issues and credibility of witnesses are matters within the province of the agency, Feinson, supra at 425, the court is obligated to determine the correctness of the conclusions from the record on which they are based. Torsiello, supra, citing Housatonic TerminalCorp. v. Planning Zoning Board, 168 Conn. 304, 306
(1975).
This court has reviewed the record, with a specific review of the information before the defendant commission regarding the noise level of the proposed project. The study conducted by plaintiff's expert regarding noise clearly shows that the plaintiff's proposed project fits within the requirements of the zoning regulations. As such, this court finds that the defendant commission's denial based on noise generation was arbitrary and capricious and not a legitimate basis for rejecting plaintiff's application.
 vi. Truck traffic generation is unknown, estimated only, and adverse impacts on Chapel Road would be created.
As set out in Section 6.1.3 of the regulations, the potential for adverse traffic impacts is a criteria to be considered when the defendant commission reviews a special exception. Traffic issues are proper in land use review. Burnhamv. Planning Zoning Commission, 189 Conn. 261, 262 (1983). See also General Statutes, § 8-2. (Traffic impact is a consideration as "such regulations . . . shall be designed to lessen congestion in the streets. . .".)
The credibility of witnesses is within the determination of the defendant commission. Feinson, supra at 425. An administrative agency is not required to believe any witness, even an expert. Manor Development Corp. v. Conservation Commission,180 Conn. 692, 697 (1980). The court, however, must review the record to rule on whether the commission's conclusions are correct in light of the record. Housatonic, supra.
In the instant case, the plaintiffs presented a report and expert testimony regarding traffic generation. [Record, Exhibit 26, Appendix F.] As stated, the local authority CT Page 3136 is not bound to adopt the opinion of the traffic engineer,Gulf Oil Corp. v. Board of Selectman, 144 Conn. 61, 65-66
(1956). See also Primerica, supra. However, there must be some information in the record supporting the defendant commission's decision not to believe an applicant's expert. That information consisted of the Town Planner's representations to the defendant commission that "Chapel Road is capable of accommodating the type of traffic to be generated by this operation. " [Record, Exhibit 31, Transcript of December 10, 1991, p. 40] Plaintiffs' expert told the defendant commission that within the next five years the traffic volume would decrease; this was confirmed to the defendant commission by its own Town Planner. The only evidence before the defendant commission that even suggested there would be adverse traffic impact came from comments made to the defendant commission from residents, residing near the plaintiffs' property.
Based on a review of all of the information before the defendant commission, this court finds that reason six for denial of the plaintiff's application is not legitimate.
c. Chapel Hill's aggrievement and/or standing.
The plaintiffs finally claim that the Chapel Hill Condominium Association, Inc. is not aggrieved and therefore was wrongly allowed to intervene as a party defendant in this matter. Subsequent to the filing of this appeal, on June 19, 1992, Chapel Hill Condominium Association, Inc. filed a motion to be made a party defendant in the case. That motion was granted by the court (Maloney, J.) on July 6, 1992. The plaintiff now asks this court to find that the previous court ruling was erroneous, without providing this court with a compelling reason for this court to so find.
"Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." Breen v. Phelps,186 Conn. 86 (1982).
"A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge." Id. CT Page 3137
Nothing was presented to the court in the plaintiffs' brief or during oral argument that would persuade this court to change Judge Maloney's June, 1992, decision. Accordingly, this court is not persuaded by the plaintiffs' argument.
III. CONCLUSION
In summary and as to the wetlands appeal, this court finds that the record more than adequately supports the defendant agency's approval of the defendant applicant's proposal. Accordingly, the defendant agency's decision is affirmed and the plaintiff's appeal is dismissed.
As to the zoning appeal, this court finds that the defendant commission was not prejudice nor was it predisposed to the plaintiffs' application. This court further finds that it will not overrule the court's (Maloney, J.) prior decision about the appropriateness of Chapel Hill Condominium Association, Inc.'s intervention in this case. Finally, this court finds that of the six reasons cited by the defendant commission in its denial of the plaintiffs' application, one reason, reason number two, the need to achieve a balance between neighborhood acceptance and community needs, is a legitimate reason. If even one of the stated reasons in a commission's decision is sufficient to support the decision, a court must uphold the decision.Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47,49 (1984). Accordingly, the defendant commission's denial of plaintiffs' zoning application is affirmed. The plaintiffs' zoning appeal is, therefore, dismissed.
SUSAN B. HANDY JUDGE, SUPERIOR COURT