YVONNE TORSIELLO *v.* ZONING BOARD OF APPEALS OF THE CITY OF MILFORD
(2118)

DUPONT, C.P.J., BORDEN and DALY, Js.

Argued October 11—decision released December 11, 1984

*Bruce L. Levin,* for the appellant (defendant).

*Leo P. Carroll,* for the appellee (plaintiff).

PER CURIAM. This is an appeal[1] from a judgment of the trial court sustaining the plaintiff's appeal from a decision of the defendant zoning board denying a special exception. We find error.

The plaintiff sought a special exception to allow a building to be placed on a nonconforming lot under § 6.4.2 of the Milford zoning regulations.[2] A public hear-

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c). At the time this appeal was taken, litigants in zoning cases had an unfettered right to appeal to that court. Public Acts 1981, No. 81-416, § 3. Such appeals are now subject to a grant of certification by this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 13.

[2] The 1981 Milford zoning regulations received with the return of record do not include a section numbered 6.4.2. The pertinent section of those regulations, § 6.4.1, was apparently a revision of § 6.4.2, deleting the subparagraph on merger, on which this case revolves. The parties, however, do not dispute the wording of the applicable regulation and agree that it provided as follows:

"A zoning permit may be issued subject to a Special Exception granted by the Zoning Board of Appeals for an allowable use on a lot which does not meet the standards for lot area and/or width of the particular zone in which said lot is located if:

"(1) The present owner or his predecessors in title did not illegally create this non-conforming lot and that the lot was of legal size when it was created as a lot.

"(2) The present owner or his predecessors in title, as determined by an attorney, do now or have owned adjacent land since the time the lot was caused to become non-conforming by virtue of a revised zoning regulation.

"(3) *Since the time the lot was caused to become non-conforming by virtue of a revised zoning regulation, the lot has never been utilized in con-*

ing was held at which evidence was presented in support of and in opposition to the plaintiff's application. Also, some members of the board visited the site. The defendant denied the application on the basis that the lot in question had merged with the adjacent lot and that, therefore, the requirements of subsection (3) of § 6.4.2 had not been met.[3] The plaintiff appealed the denial to the trial court. The trial court found that the evidence of merger was insufficient and that the board acted arbitrarily and in abuse of its discretion, and sustained the appeal. The board appealed, claiming that the court erred in its findings. We agree.

"Courts are not to substitute their judgment for that of the board . . . and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. . . . 'Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons.' " (Citations omitted.) *Whittaker* v. *Zoning Board of Appeals,* 179 Conn. 650, 654, 427 A.2d 1346 (1980). Since the "credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency"; *Feinson* v. *Conservation Commission,* 180 Conn. 421, 425, 429 A.2d 910 (1980); the court must determine the correctness of the conclusions from the record on which they are based.

*junction with adjacent property so that the identity of the lot in question has not merged with adjacent property.* [Emphasis added.]

"(4) All yard setback, coverage and other zone requirements can be met; and further provided the owner or his agent presents satisfactory evidence of compliance with this Section.

"(5) The lot was never sold by the City of Milford with any stipulation that would prohibit its use as a separate building lot.

"(6) Notice Upon application for a zoning permit under this Section 6.4.2, a Special Exception application shall be made to the Zoning Board of Appeals in accordance with the requirements of Section 9.2.3 Special Exceptions. (Effective 11/10/80)."

[3] See footnote 2, supra.

*Housatonic Terminal Corporation* v. *Planning & Zoning Board,* 168 Conn. 304, 306, 362 A.2d 1375 (1975). That record includes knowledge acquired by board members through personal observation of the site. *Burnham* v. *Planning & Zoning Commission,* 189 Conn. 261, 267, 455 A.2d 339 (1983).

Where a zoning authority has stated the reasons for its action, a reviewing court may only determine if the reasons given are supported by the record and are pertinent to the decision. *Goldberg* v. *Zoning Commission,* 173 Conn. 23, 25–26, 376 A.2d 385 (1977). "The [zoning board's] action must be sustained if even one of the stated reasons is sufficient to support it." Id., 26; *Hoagland* v. *Zoning Board of Appeals,* 1 Conn. App. 285, 290, 471 A.2d 655 (1984). The decision of a zoning authority will only be disturbed if it is shown that it was arbitrary, illegal or an abuse of discretion. *Beit Havurah* v. *Zoning Board of Appeals,* 177 Conn. 440, 444, 418 A.2d 82 (1979).

The board stated in effect that its reason for denying the plaintiff's application was a merger under § 6.4.2. (3). The trial court exceeded the scope of its judicial review when it determined that the evidence of merger was insufficient. All it was permitted to do was determine whether the board's finding of merger was reasonably supported by the record and whether this was a pertinent basis on which to deny the plaintiff's application. Instead, the trial court weighed the evidence and determined the issues of fact involved. In effect, the court impermissibly substituted its judgment for that of the zoning board. *Farrington* v. *Zoning Board of Appeals,* 177 Conn. 186, 190 413 A.2d 817 (1979).

The board's decision was reasonably supported by the record. The evidence of merger presented at the public hearing was that the lot was initially purchased as a yard for the adjacent lot, that it was originally woods but was cleared and made part of the lawn of the house on the adjacent lot, and that it was mowed, raked and kept up as part of the lawn until the plaintiff decided to seek this special exception. See *Schultz* v. *Zoning Board of Appeals,* 144 Conn. 332, 339, 130 A.2d 789 (1957). Furthermore, the board members could have used the knowledge acquired by their personal observation of the site. The action of the board was not arbitrary, illegal or an abuse of discretion.

There is error, the judgment is set aside and the case is remanded with direction to render judgment dismissing the appeal.