[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter the court sustains the appeal and enters an order granting the plaintiff's application for a special exception to construct a single family dwelling on the subject property which is zoned RS-2 by the New Haven Zoning Regulations.
After a hearing, the court finds the plaintiff Elsie Sackett an aggrieved party in that she owns the subject property known as 24 Parker Avenue. The building lot is part of a 1924 subdivision known as "Fair Haven Heights." The subdivision's lot and roads were plotted on a recorded map and sold. The section of the subdivision where the plaintiff's building lot is located has never been developed, including Parker Avenue, on which the building lot fronts. To date, the City of New Haven has not accepted Parker Avenue as a city street.
On or about May 16, 1989, the New Haven ZBA, pursuant to 63 E.2. of the Regulations, received a City Planning Department Advisory Report from its zoning director which recommended approval of the plaintiff's application without conditions based on the fact that the application met all the required criteria. (Return of CT Page 680 Record, Ex. G., Advisory Report).
On or about May 16, 1989, the ZBA denied the plaintiff's application.
Section 63.G. of the Zoning Ordinance of the City of New Haven ("Zoning Ordinance") provides that an application for waiver of the prohibition against building on an unaccepted street shall be determined by the Board as provided in Article VI of Chapter 27 of the Code of Ordinances of the City of New Haven ("General Ordinance"). Section 27-82 of the General Ordinance requires that a successful applicant must meet the standards of Section 63.D of the Zoning Ordinance and must comply with the enumerated criteria of Section 27-82.
Section 63.D. of the Zoning Ordinance states that the Board may grant a special exception only where the proposed use is in accord with the public convenience and welfare after taking into account where appropriate:
 a. the nature of the proposed site, including its size and shape and proposed site, shape and arrangement of structures;
 b. the resulting traffic patterns and adequacy of proposed off-street parking and loading;
 c. the nature of the surrounding area and the extent to which the proposed use or feature might impair its present and future development;
 d. the proximity of dwellings, churches, schools, public buildings and other places of public gathering;
 e. all standards contained in this ordinance; and
 f. the comprehensive plan of the City of New Haven, and other expressions of the purpose and intent of the ordinance.
The enumerated criteria of Section 27-82 of the General Ordinances are as follows:
 (1) The lot or lots involved were owned by the present owners prior to August 15, 1966;
(2) The proposed access: CT Page 681
 (a) Is over an unaccepted street not more than two hundred fifty (250) feet in length, or
 (b) Can only be gained by passing over a right-of-way which is not within the ownership or control of the applicant or the present owners;
 (3) There are no practical alternatives available to the applicant and the present owners to enable them to meet the requirements of Section 27-76;
 (4) The denial of a waiver would effectively prohibit the use of the property for any purpose;
 (5) There are adequate provisions for utilities, sewers and fire equipment access;
 (6) The granting of such a waiver would not significantly affect public safety.
The evidence presented to the Board shows plaintiff met all of the standards and criteria required in order to enable the Board to grant the desired waiver.
As to the criteria of Section 27-82, the Board's findings that to grant the waiver would significantly affect public safety in that the development of the site would lead to increased traffic on Russell Street is not supported by the record. While testimony by the area alderman and some neighborhood residents that Russell Street, the nearest accepted street to the site, is heavily traveled and experiences many accidents (Ex. K, pp. 14-15), the record contains no evidence supporting those contentions. It is mere speculation that a single family dwelling would adversely affect that situation even if such conditions exist.
Similarly, as to the standard of Section 63.D.3.b. of the Zoning Ordinance, the Board found the proposed use not to be in accordance with the public convenience and welfare in that the development of the site would lead to an increase in traffic hazard on Russell Street. That finding is not supported by any factual evidence in the record. Torsiello v. Zoning Board of Appeals,3 Conn. App. 47, 50, 484 A.2d 483 (1984); Daughters of St. Paul, Inc. v. Zoning Board of Appeals, 17 Conn. App. 53, 69 (1988).
As to the standard of Section 63.D.3.C. the Board found that CT Page 682 development of the site would, by virtue of the topography of the site, worsen the flowage of water into neighboring lots. While testimony on this point was given by a neighbor who claims an existing water problem, (Ex. K, p. 34), it is again speculation not supported by any factual evidence in the record.
When a zoning authority has stated reasons for its actions the reviewing court ought to examine assigned grounds to determine whether they are reasonably supported by the record and pertinent to the considerations the authority was required to apply pursuant to the zoning regulations. Havurah v. Zoning Board of Appeals Town of Norfolk, 177 Conn. 440 (1979). If any one of the reasons support the action taken, the plaintiff must fail in her appeal. Goldberg v. Zoning Commission of Town of Simsbury, 173 Conn. 23
(1977). The decision of local boards should not be disturbed as long as honest judgment has been reasonably and fairly exercised after a full hearing. Whitaker v. Zoning Board of Appeals of Town of Trumbull, 179 Conn. 650 (1980).
The court finds that the ZBA's denial of the plaintiff's application is not supported by the record in that the findings of the Board are based on speculation and surmise of neighbors. There is no expert testimony supporting any of their contentions. The ZBA, therefore, acted illegally, arbitrarily, and in abuse of its discretion.
EDWARD J. LEAVITT, JUDGE.