[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Vincent Giagni, applied to the Planning and Zoning Commission of the Town of Greenwich for a coastal site plan approval pursuant to the Building Zone Regulations of the Town of Greenwich so as to construct a large residence at 215 Byram Shore road.
On July 16, 1991, the Commission approved the coastal site plan.
Notice of the Commission's decision was published on July 22, 1991, in the "Greenwich Time."
The application consists of a plan to remodel an existing dwelling on the lot, and to demolish a non-conforming caretaker's cottage, replacing it with an accessory cabana and pool. The application also proposed hook-up to the Town sewer line in Byram Shore Road (R. No. 1, 10, 29, 30, 31). It is the type of application ordinarily exempted from formal review under Section 6-111(c)(A). CT Page 6781
Plaintiff Edward Jurczenia's ("Jurczenia") property is a nonconforming .79 acre lot (in the RA-1 Zone) immediately inland of Giagni's Lot (R. No. 15). [The plaintiff's lot is designated "23" on the aerial map at (R. No. 15); Jurczenia's lot is designated "1," and plaintiff Alan Glazer's lot is designated "22."] Jurczenia had no water view in the decades since the original dwelling on the Giagni lot was constructed (T. 5-6, 18, 22, 25-26,27-28; R. Nos. 14, 32). In contrast, plaintiff Alan M. Glazer ("Glazer") owns a 13,000 square foot waterfront mansion a 3-1/4-acre hill-top lot with sweeping views of Long Island Sound and the surrounding properties (T. 6; R. No. 15). Glazer complains that Giagni's proposed cabana will be visible from his property; the existing cottage, dwelling, dock, and attendant activity on the Giagni lot have been part of Glazer's neighborhood for years. The cabana will simply replace the cottage (R. No. 29a).
The plans were submitted to the Zoning Enforcement Officer for re-measurement and re-calculation of the F.A.R.; when she indicated some technical discrepancies, the plans were modified to correct these to comply with the Regulations. None of the items noted by the Zoning Enforcement Officer involved a change to the footprint of the structures. All of the items were technical code matters: removal of a dryer unit, adjustment of the area under the stairs, and changes to the elevation design of one carport wall. They do not affect site plan general objectives under 6-15 or coastal policies under 6-111 of the Regulations. After the Zoning Enforcement Officer found the modified plans to be in compliance, the Commission approved the application.
Plaintiffs raised their concerns about F.A.R. calculations at the public meeting on May 14, 1991. There is no mention of F.A.R. in their original Appeal; they did not raise the issue of whether the F.A.R. calculations are correct until their Amended Appeal of December 31, 1991, more than five months after the Commission's decision.
F.A.R. calculations are a specific set of facts different from the general site plan objectives under 6-15 or 6-111 of the Regulations. F.A.R. calculations are made by a Zoning Enforcement officer, unlike the general site plan objectives weighed by the Commission. The plaintiffs have set the calculation of specific F.A.R. measurements aside in a separate section in their Brief on appeal. These calculations concern measurements of the interior of the proposed structures, separate from the general site plan or coastal objectives.
When distinct facts form the basis of an amendment to a complaint, they constitute a separate cause of action which will not relate back to the date of filing of the original complaint, CT Page 6782 but which speaks as of the date of the amendment. Kelsall v. Kelsall, 139 Conn. 163 (1952; Sharp v. Mitchell, 209 Conn. 59
(1988).
A zoning appeal may only be commenced within 15 days from the date on which notice of the decision was published [Conn. Gen. Stat. 8-8(b)]. A separate cause of action later raised is untimely and, therefore, barred by the statute of limitations. "A statutory right to appeal may be taken advantage of only by strict compliance a with the statutory provisions by which it is created." Bridgeport Bowl-O-Rama. Inc. v. Zoning Board of Appeals, 195 Conn. 276, 283, on remand 4 Conn. App. 68 (1985), citing Farricielli v. Personnel Appeal Board, 186 Conn. 198, 201 (1982). Failure to comply with statutory appeal requirements is a jurisdictional defect.
The plaintiff modified his plans to correct the technical variations from the Regulations noted by the Zoning Enforcement officer. After the plans had been corrected to the Zoning Enforcement Officer's satisfaction, the Commission approved the application. Planning and zoning commissions may lawfully require modification of site plan applications to the extent that they fail to comply with the zoning regulations, under Connecticut General statutes 8-3(g):
 ". . . A site plan may be modified . . . if it fails to comply with requirements already set forth in the zoning . . . regulations . . ."
In TLC Development, Inc. v. Planning and Zoning Commission,215 Conn. 527, 533 (1990), the Connecticut Supreme Court noted the authority of a planning and zoning commission to modify a site plan to comply with zoning regulations.
The practice of conditioning site plan approval on review of technical requirements within the purview of a sister agency is approved and encouraged as a practical method of reviewing the many aspects of a zoning application in Lurie v. Planning and Zoning Commission, 160 Conn. 295 (1971). A planning and zoning commission has the right to require reasonable conditions and may require a revised site plan to meet those conditions.
F.A.R. calculations are a technical matter set out in the Regulations. The Commission does not perform F.A.R. calculations itself, but refers them to the Zoning Enforcement Officer. They are not the kind of site plan or coastal site plan standards which are reserved to the discretion of the Commission itself under Regulation 6-15 or 6-111(c)(D). The Zoning Enforcement Officer routinely passes upon F.A.R. Compliance in building permit applications which are never submitted to the Commission. CT Page 6783
The Commission did not have discretion to approve the application with the technical discrepancies noted in the Zoning Enforcement Officer's report of June 4, 1991, (R. No. 19) (see Conn. Gen. Stat. 8-12); neither had it discretion to deny the application once the discrepancies were corrected to the Zoning Enforcement Officer's satisfaction (R. No. 26) Conn. Gen. Stat. 8-8(g).
The plaintiff's claim that the Commission failed to review all applicable conditions and standards in approving this coastal site plan.
A brief survey of the testimony, plans, and submissions presented to the Commission reveals that the Commission received sufficient information concerning the project and reviewed it in light of all applicable coastal site plan standards. The Commission's decision, as reported in the Letter of Notification, states that the Commission made the required review, and the conditions appended to the approval indicate the active analysis process (R. No. 28).
The instant application is for a single-family residence in a single-family residential zone. It is thus in accordance with the Town Plan of Development [Reg. 6-111(c)(D)(1)] and is a priority use under coastal purpose 6-111(a)(4). As an expressly-permitted use, it is conclusively presumed to be in harmony with the district and not to adversely affect property values, municipal services, traffic, and similar site plan standards under 6-15, TLC Development Inc., supra, 532-533. Those coastal purposes which deal with water-dependent commercial or public uses [6-111(a)(3), (6), (7), (8); are not applicable to a private residence in the RA-1 Zone.
The site plan and sewer plan reveal the natural features of the site (R. No. 29, 30), and the staff's comments indicate that conservation, flood, and erosion matters were extensively analyzed and that technical assistance was provided to the Commission on these points (R. No. 10).
The standard of review applicable to appeals from local zoning board acted illegally, arbitrarily, or in abuse of its discretion. Beit Havura v. Zoning Board of Appeals, 177 Conn. 440, 444 (1979). The Court cannot substitute its judgment for that of the Commission; rather, it must ascertain whether the record before the Commission supports the decision reached. Determinations of factual issues and witness credibility are solely within the province of the Commission. Burnham v. Planning and Zoning Commission, 189 Conn. 261, 266 (1983); Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47, 49 (1984).
As long as the zoning authority decision reflects that an CT Page 6784 honest judgment was reasonably and fairly exercised, it will not be distributed and the plaintiff has the burden of proof to demonstrate that the authority acted improperly. Burnham, supra, at 266; Torsiello, supra, at 49; Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 654 (1980).
A single-family residence is not ordinarily subject to site plan standards under the Greenwich Regulations (Section 6-13). It is only this property's location in the Coastal Overlay Zone which has brought it under Commission review and, even so, Section 6-111(B) of the Regulations contemplates that most coastal residential projects are exempt from formal review. Routinely, therefore, it is the commercial types of projects in the coastal zone which would be subject to the same standards under the Coastal Overlay Zone. Thus, as a practical matter, and particularly after TLC Development, Inc., which establishes a conclusive presumption that permitted uses do not adversely affect off-site matters [see, also, Sowin v. Planning and Zoning Commission, 23 Conn. App. 370,374-376 (1990)], Section 6-15 standards have little real bearing as to a residential coastal site plan.
Nevertheless, this Commission received ample evidence to support its findings that the application meets all 6-15 standards.
The Commission performed a sufficient review of the application pursuant to the requirements of Conn. Gen. Stat. 22a-90
et seq. and the Regulations. Its findings are amply supported by the evidence. The modification of the site plan was lawful.
Accordingly, the appeal is denied.
HICKEY, J.