[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
STATEMENT OF CASE
The Plaintiff, Connecticut Resources Recovery Authority (hereinafter the "CRRA"), brought this appeal on April 30, 1991, from a decision of the Defendant, Ellington Planning and Zoning Commission (hereinafter the "Commission") in which the Plaintiff was granted a special permit, subject to numerous conditions, to operate a solid waste fill in the Town of Ellington. The Plaintiff alleges in the three-count complaint brought against the Defendants, the Commission, the Town Clerk of Ellington, the Thompson Family Land Trust, and Rachel T. deRajm, that the conditions placed on the special permit are illegal, arbitrary and an abuse of the Commission's discretion.
Originally, the Plaintiff claimed the Condition No. 3 which restricted the solid waste which may be deposited in the land fill to four certain towns exceeded the limits of the regulatory powers bestowed upon the Commission by Chapter 104 of the Connecticut General Statutes. However, as this case continued and particularly at the hearing and argument, the Plaintiff seems to have departed from the claim that Condition No. 3 exceeds the authority bestowed by Chapter 124 and in the alternative argues strenuously that Condition No. 3 is a violation of the Commerce Clause (Article 1, Section 8, Clause 3) of the United States Constitution. In this regard, Plaintiff relies in particular on several United States Supreme Court cases: City of Philadelphia v. State of New Jersey, 437 U.S. 617 (1978); Fort Gratiot Sanitary Landfill, Inc. v. Michigan Department of Natural Resources,504 U.S. 119 L.Ed.2d 139 (1992); Chemical Waste Management v. Hunt, 114 L.Ed.2d 211 (1992).
The Defendants filed a motion to dismiss the appeal on the grounds that the appeal is moot and the Court lacked subject matter jurisdiction. On May 27, 1992, the Court, acting by the Honorable Robert McWeeny, issued a Memorandum of Decision on the Motion to Dismiss.
Without deciding whether Judge McWeeny's opinion on the Motion to Dismiss constitutes binding law of the case, the Court adopts Judge McWeeny's decision and reasoning in several respects.
The Court finds the subject matter jurisdiction issues CT Page 11342 may be raised at any time: Park City Hospital v. Commission on Hospitals and Health Care, 14 Conn. App. 413 (1988). Therefore, the Plaintiff's claim that Defendants had waived their right to file a motion to dismiss is without merit.
The Court likewise agrees with Judge McWeeny that the Defendants' contention that the appeal is moot is without merit because it would appear to be the type of claim that is "capable of repetition, yet evading review." The "capable of repetition" exception to the mootness rule is fully discussed in Board of Education v. New Haven, 221 Conn. 214 (1992) and in Judge McWeeny's Memorandum of Decision and requires no further elaboration here.
Finally, Judge McWeeny relied upon Spero v. Zoning Board of Appeals, 217 Conn. 435 (1991) to test the appropriate method by which a person may challenge the constitutionality of zoning regulations. While the Court agrees with Judge McWeeny's view of Spero, this issue is perhaps worthy of a somewhat expanded discussion.
Spero holds at page 446:
 "the rule extant under our zoning cases is that a party who has sought to avail himself of a zoning ordinance by making an application thereunder is precluded in the same proceeding from raising the question of its constitutionality. . . . A party, however, could of course attack the constitutionality of the zoning regulations in an independent proceeding. . . . This rule requiring the validity of a zoning regulation to be independently challenged in a declaratory judgment action serves the important policy of "ensur[ing] that all affected land owners would be provided with an opportunity to become involved in the proceedings."
The CRRA seeks to distinguish Spero and Bierman v. Planning and Zoning Commission, 185 Conn. 135, 139 (1981) from the instant case. The CRRA claims that the distinction lies in the Defendants' alleged failure to distinguish between the cited cases, in which Plaintiffs had attempted to have a court declare zoning regulations unconstitutional on their face, and the case at the Bar in which the Plaintiff seeks to have a regulation declared unconstitutional because CT Page 11343 of the particular manner in which the Commission has applied it to the Plaintiff's property.
The Defendant Town's regulation on sanitary refuse disposal area has four basic requirements in Section 7.7(f) 1:
 "(1) The site is well suited for this purpose, (2) that such operation will not unreasonably effect the use and enjoyment of other land in the general area, (3) that it will create no health or safety hazard in the community and (5) (sic) that it will provide a needed service or benefit to the Town of Ellington. "
Nothing in those standards remotely violates the Supreme Court's test for Commerce Clause limitations on sanitary waste sites as set forth in City of Philadelphia or Fort Gratiot Sanitary Landfill, Inc. Plaintiff did not begin to have a constitutional argument under the Commerce Clause until the permit was issued containing Condition No. 3 which provided:
 "only municipal solid waste from the Towns of Ellington, Enfield, South Windsor, or Vernon shall be deposited on the landfill site."
The Court recognizes that Plaintiff was powerless to challenge the alleged unconstitutionality by instituting a declaratory Judgment action prior to the issuance of the permit since the contested provision first appears in the permit and not in the regulation itself. Nevertheless, having said this, the rule that constitutional challenges to zoning requirements must be by declaratory judgment and not by zoning appeal continues to have merit. The reason the courts favor declaratory judgments over zoning appeals to challenge constitutional mandates is quite simply to allow all affected parties to have their day in court. If a declaratory judgment action had been brought, the Plaintiff would have been required pursuant to Practice Book Section 390(d) to make parties "all persons having an interest in the subject matter of the complaint" and further would have been required to give proper notice to all such persons. If the restriction limiting the use of the land fill to the four enumerated towns of Ellington, Enfield, South Windsor and CT Page 11344 Vernon were removed, these towns could expect to face a shortage of land fill capacity at a much earlier date. Of the four towns, only Ellington is a party to the present action. The wisdom of the declaratory judgment procedure to redress alleged constitutional wrongs is abundantly clear when one realizes that Enfield, South Windsor and Vernon would undoubtedly be "persons" having an interest in the subject matter of the complaint and would be necessary parties under Section 390 of the Practice Book yet they have been afforded no opportunity to participate in the instant proceeding.
Accordingly, while the Court finds much to distinguish the limited particular provision in the special permit that is before the Court from the broad and sweeping limitations on interstate commerce that are proscribed in City of Philadelphia and Fort Gratiot Sanitary Landfill, Inc., the Court holds that an attempt to litigate the constitutionality of the four town condition 3 as a violation of the Commerce Clause must be made pursuant to the Connecticut Declaratory Judgment Statute. The Court intends no implication that such a challenge would succeed nor does the Court imply that the four towns are the only required defendants. Rather the Court holds that the Plaintiff may not apply for the permit, and numerous renewals thereof, and then use an appeal from the Zoning Commission action granting the permit as a forum for its constitutional challenge.
AGGRIEVEMENT
The Court finds that CRRA is the owner of certain real property described in a warranty deed recorded at Vol. 140, Page 938 of the Ellington Land Records. This property was purchased on July 7, 1986 and the testimony established that it has been owned and used by CRRA continuously ever since. This property is the subject matter of the disputed special permit. Accordingly, the Court finds that CRRA is an aggrieved party.
PLAINTIFF'S CLAIMS
In addition to its claims concerning the constitutionality of Condition 3, the Plaintiff appears to claim that the one-year limitation on the term of the special permit is illegal, that numerous enumerated conditions are CT Page 11345 not supported by the requirements of the regulation, and that the record and testimony at the public hearing do not support the imposition of some conditions.
HOLDING OF THE COURT
The Court finds no merit to the Plaintiff's challenge to the one-year limitation on the special permit. The Ellington zoning regulations provide in Section 7.7(f) 8:
 "Upon approval of such special use, a permit shall be issued upon payment of a permit fee of $25. Such permit shall be for a period of one year and shall be non-assignable without the expressed consent of the Commission."
Nothing before the Court in the instant case challenges the validity of the underlying Ellington zoning regulation. The one year limit is a provision of the regulation itself and is not a condition which is unique to this permit. Since the regulation and its adoption are not being challenged, and since the limitation is contained in the regulation and not in the special permit, the Court finds no basis for invalidating the one-year provision of Section 7.7(f)(b) of the Ellington Zoning Regulations in an appeal from the granting of the special permit.
The permit which is before the Court was granted as the result of a public hearing held on December 3, 1990. The permit appears to have been in effect with substantially the same conditions since 1987 and had been reviewed and renewed annually. At the public hearing on December 3, 1990, the minutes reflect:
 "Attorney John Silliman, representing Connecticut Resources Recovery Authority, requested permission to incorporate the evidence from the previous hearing which was held in May of this year, he said that he had discussed this with the Planner who had given his approval.
 Joseph Baker said that since this was a renewal of the special permit, he asked that the record from the previous approval be included. CT Page 11346
 The members of the Commission had no problem with Attorney Silliman's request.
 Paul Mazzacaro, Project Manager, CRRA, said that he would like to bring the Commission up to date on what had been happening at the landfill. The concerns heard have been addressed over the last year, they have complied with all 33 conditions contained in their permit and specifically addressed the status of each condition mentioned in a letter to the Town Planner dated 11-13-90."
Review of decisions of local zoning authorities acting within their administrative capacity is limited to a determination, principally on the record before the Zoning Board, whether the Zoning Board acted illegally, arbitrarily or in abuse of the discretion vested in it. Beit Havurah v. Zoning Board of Appeals, 177 Conn. 440, 444 (1979); Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47, 50 (1984).
Further it has been held in Connecticut:
 "When deciding whether the granting of a special permit is appropriate, the agency must decide whether (1) the applicant's proposed use is permitted under the regulation, (2) the standards and the relevant zoning regulations are satisfied, and (3) the conditions necessary to protect the public health, safety, convenience and property values can be established."
Barberino Realty and Development v. Planning and Zoning,25 Conn. App. 392, 396 (1991); Housatonic Terminal Corp. v. Planning and Zoning, 168 Conn. 304, 307 (1975).
Moreover, the Commission is entitled to use its own personal knowledge of local conditions in reviewing any permit application and making any decisions thereon. Torsiello, 3 Conn. App. 47 at 50; Suffield Heights Corp. v. Town Planning Commission, 144 Conn. 425, 427-428 (1957). In addition in this case the Plaintiff expressly agreed that the Commission's knowledge included the evidence presented at previous hearings and the prior approval and acceptance of 33 conditions. CT Page 11347
In looking at the challenged conditions, Condition 2 relates to a trash drop off open to the residents of the Town of Ellington. Clearly the Commission believed that this was necessary to meet the provision of Section 7.7(f) that the landfill provide a needed service to the Town. Condition 6, requiring a provision for waste oil, is similarly based on the Commission's knowledge of the local need to the Town. Condition 3, unless successfully challenged in a separate declaratory judgment action, was reasonable based upon the Commission's knowledge that the landfill was rapidly reaching it's design capacity. Conditions 28 and 29 regarding the insurance indemnification agreements relate to the Commission's knowledge that the landfill had, in fact, some adverse effect on neighboring properties.
As to conditions 23, 24 and 26, the CRRA claims "no evidence was presented at the public hearing" regarding the transmission of litter from the landfill to neighboring properties. It is clear that the Commission members are entitled to use their knowledge of the situation to determine that litter conditions were routinely caused by the operation of the landfill and to take into account evidence presented over the years by the Defendant deRham and the Defendant Trust of continuing problems caused by litter on their property.
In conclusion the Court finds that the special permit issued by the Ellington Zoning Commission is duly authorized by Section 7.7(f) of the Ellington Zoning Regulations. The Court further finds that the 33 conditions contained in that permit are reasonably supported by the evidence available to the Commission at the time the permit was authorized, particularly in view of the numerous previous issuances of substantially similar permits, and further are reasonably necessary to fulfillment of the minimum requirements set forth in Section 7.7(f)(1-5). The Court finds specific authority and jurisdiction for conditions 2, 3, 6, 28, 29, 23 24, and 26 which were singled out by CRRA for special consideration.
For the reasons set forth above, the Court, after hearing thereon, affirms wholly the decision appealed from.
BY THE COURT,
Kevin E. Booth Judge, Superior Court CT Page 11348