[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, owners of industrial land in Norwalk, appeal from the denial by the defendant Zoning Commission of the City of Norwalk of an application for special permit. The request was for permission to operate a contractor's yard with soil screening and recycling of concrete and asphalt by means of a rock crusher[1]. The reasons given by the Commission for the denial can be distilled into four: (1) the traffic generated by the operation will adversely affect the area's existing pedestrian and vehicular traffic; (2) the CT Page 5802 adverse impact of dust from the operation was found unacceptable; (3) the proposal could negatively impact the city's plan to develop the neighboring park as a community attraction; (4) the adverse environmental impact due to noise is found unacceptable. The Commission also found that the impact of noise, dust and traffic on the neighborhood is unacceptable as compared to uses and structures which would be permitted as of right.
The subject property is situated in Industrial #1 Zone and within a coastal area subject to the Coastal Area Management Act. The parcel lies on Crescent Street and surrounding and nearby properties consist of a commercial distribution center, railroad tracks, the City of Norwalk's Department of Public Works garage, a contractor's yard and material storage area, the Lockwood-Matthews Mansion Park and police headquarters. Beyond the railroad tracks to the east is the city's garbage-transfer station and a chemical manufacturing company. The city's property across Crescent Street from the subject property is residentially zoned although it is utilized industrially as a contractor's and storage yard.
Plaintiffs, whom the court finds to be statutorily aggrieved parties, allege in their appeal that the denial of the special permit and coastal management application was illegal, arbitrary and an abuse of the discretion vested in the defendant Commission. The plaintiffs take issue with the reasons stated by the defendant for denial, arguing that they are not legally sound and that they are not supported by substantial evidence.
Courts are not to substitute their judgment for that of the Commission and decisions of local boards will not be disturbed so long as honest judgment has reasonably and fairly been exercised after a full hearing. Upon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons. Since the credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, the court must determine the correctness of the conclusions from the record upon which they are based. Torsiello v. Zoning Board of Appeals,3 Conn. App. 47, 49, 484 A.2d 483 (1984). "Where a zoning authority has stated the reasons for its action, a reviewing court may only determine if the reasons given are supported by the record and are pertinent to the decision. . . . The [zoning board's] action must be sustained if even one of the stated reasons is sufficient to support it. . . . The decision of a zoning authority will only be CT Page 5803 disturbed if it is shown that it was arbitrary, illegal or an abuse of discretion. . . ." (Citations omitted; internal quotation marks omitted). Torsiello v. Zoning Board of Appeals, supra, 50.
The plaintiffs argue that with respect to the issues of traffic, dust and a negative impact on the city's plans for future development, the Commission failed to act fairly, and that the reasons given were not supported by the record or pertinent to the decision. Whatever may be the merits of the grounds for appeal on these issues, the court need not address them because the fourth reason for denial, the adverse impact of noise, is dispositive.
It is clear from the reading of the record that the most serious issue for the Commission at the hearings in this matter was the issue of noise and its impact on the environment and the surrounding neighborhood. An acoustical engineer, Alan Smardin, was called by the plaintiffs and testified extensively concerning his opinion as to the decibel levels of the proposed rock crusher, and the motor and fan incidental to its use. The original proposal was to use a diesel engine to operate the recycling machine, but there was an unresolved legal dispute with the City's corporation counsel as to the allowable decibel of sound permitted by the City's noise ordinance. At a later public hearing, the applicant changed the proposal to the use of an electric motor with a much lower decibel level than the diesel. There was no change in the type of recycling machines which might be used.
Mr. Smardin was the only expert to testify on the issue of noise. He was questioned at length by the Commission in an effort to understand his testimony and to express their concerns to him. The witness was emphatic in his views that the operation of the recycling equipment with the electric motor would produce levels of noise within the maximum limit permitted by the Norwalk Code of Ordinances for the zoning districts involved.[2] Under the ordinance, and because of the nearby residential zone, noise emission beyond the boundaries of the plaintiffs' premises cannot exceed 61 dBA's. Although Mr. Smardin could not pinpoint the precise level of dBA's because of background noise and other intangibles, he testified that the noise level would never exceed 59 dBA's, and could go as low as 49 dBA's. The plaintiffs' position is basically that because their witness was the only expert to testify on the subject of noise, and because the only expert opinion before the Commission was that the maximum allowable noise levels would not be exceeded by the plaintiffs' proposed use, the Commission CT Page 5804 committed error in disregarding that evidence and denying the application based on the issue of noise, citing Feinson v.Conservation Commission, 180 Conn. 421, 429 A.2d 910 (1980); and Tanner v. Conservation Commission, 15 Conn. App. 336,544 A.2d 258 (1988). In Feinson, the question before the court was whether, on a subject as technically sophisticated and complex as pollution control, commissioners who have not been shown to possess expertise in this area may rely on their own knowledge, without more, in deciding to deny a license to conduct a regulated activity. Feinson v. Conservation Commission, supra, 427. That court concluded that a lay commission acts without substantial evidence, and arbitrarily, when it relies on its own knowledge and experience concerning technically complex issues such as pollution control, in disregard of contrary expert testimony, without affording a timely opportunity for rebuttal of its point of view. In Tanner, the court stated "while we recognize that an administrative agency is not required to believe any of the witnesses, including expert witnesses . . . it must not disregard the only expert evidence available on the issue when the commission members lack their own expertise or knowledge". (Citation omitted)Tanner v. Conservation Commission, supra, 341.
In this case the plaintiffs argue that there was no expert evidence contrary to the testimony of the only expert witness heard by the defendant that the noise levels for the proposed operation would be less than the levels authorized by the noise ordinance. However, compliance with that ordinance is not the measure the Commission was obligated to use. In Norwalk's Zoning Regulations, the standards for special permits are set forth as follows:
"C. Standards for Special Permits.
 (1) A Special Permit may be granted after determination by the Commission that the proposed use or structure is in harmony with the general purpose and intent of these regulations and after consideration of the following conditions where applicable: . . .
 (e) Adverse impact from noise, odor, fumes, dust and artificial lighting. . . .
 (h) Impact on neighborhood properties, as compared to uses and structures permitted as a matter of right. . . ." Building Zone Regulations of the City of CT Page 5805 Norwalk, Section 118-1450C.
This regulation allows the Commission to consider noise as a factor in the granting or denial of a special permit for a particular activity. It neither incorporates nor refers to the Noise Control Ordinance. There is nothing to indicate that the Commission must find that, if the noise levels are below the maximum permitted by the Noise Control Ordinance, an applicant for a special permit is automatically entitled thereto. There is evidence in the record that the Commission has made previous reference to the noise ordinance in other cases, and it may be that they would withhold a permit where they find that the noise levels would exceed the relevant maximums. However, there is nothing either in the Noise Control Ordinance, the Zoning Regulations, or the record which would compel the issuance of the special permit simply because noise levels would fall below the maximums allowed.
The plaintiffs fail to note the distinction between theFeinson and Tanner cases on the one hand, and the present case on the other. The principle spoused in both of those cases become applicable when the agency is dealing with ". . . . a subject as technically sophisticated and complex as pollution control. . .",Feinson v. Conservation Commission, supra, 180 Conn. 427, and the commissioners do not possess expertise in the area and cannot rely on their own knowledge. Here we are dealing with the subject matter of noise, a phenomenon that every person encounters daily. Everyone holds a view as to what is noisy under a particular circumstance. A helicopter overhead and a freight train passing close by are both noisy. A lawn mower in the yard next door may be noisy, a passing car on the adjacent street is generally not noisy. In short, the lay person has his or her own concept as to what is noisy and to what degree noise may be acceptable in particular circumstances, and no particular expertise is needed to aid them if they have their own personal knowledge. It is important to recognize that the plaintiffs' expert did not testify as to whether or not the operation would be noisy. Rather, he gave his opinion as to what the decibel level of the noise would be and that it would not violate the noise ordinance. From a review of the record it is clear that the commissioners were struggling with the task of relating that testimony to their own experiences with noise. The testimony of the expert that the levels of activity which would occur on the site would be within maximum allowable limits is not tantamount to demonstrating that the project would not produce such noise as would have an adverse CT Page 5806 impact within the meaning of the Norwalk Zoning regulations. It is the function of the zoning commission to decide within prescribed limits and consistent with the exercise of its legal discretion, whether a particular section of its zoning regulations applies to a given situation and the manner in which it does apply. The question is whether the panel correctly interpreted the section of the regulations and applied it with reasonable discretion to the facts. Irwin v. Planning and Zoning Commission, 244 Conn. 619,627, ___ A.2d ___ (1998).
A reading of the transcript reveals that the Commissioners were extremely concerned with the problem of noise. Commissioner Liz Smardin (apparently not related to expert witness Mr. Smardin) inquired about the noise level of the "rumble strip",[3] and whether the noise level could be conceivably be reduced to less than 49 dBA's.[4] The members were simply not willing to believe the expert that the projected levels of noise would be acceptable. Lay members of the commissions may rely on their personal knowledge concerning matters readily within their competence. Welch v. Zoning Board ofAppeals, 158 Conn. 208, 214, 257 A.2d 795 (1969). An administrative agency is not required to believe any of the witnesses, including expert witnesses. Manor Development Corporation v. ConservationCommission, 180 Conn. 692, 697, 433 A.2d 999 (1980). The subject of noise, as it affects people's lives, is neither sophisticated nor complex, although technical measuring methods may be. The noise of a rock crusher is something lay persons can comprehend and is within their own competence.
The Commission was fully aware of the surrounding uses, and although they consisted of commercial or industrial operations, it was not unreasonable for the commissioners to find that the noise generated by the plaintiffs' proposal would adversely affect even those uses. There was no evidence in the record that any of the surrounding uses generate significant noise of their own. Clearly, the Commission chose not to believe that existing noise levels generated by the nearby Connecticut Turnpike would render the rock crusher's noise benign. The Commission was also entitled to take into account that the property directly across the street from the subject property is residentially zoned (although presently used commercially).
The court finds that the defendant Commission properly interpreted the zoning regulations and reasonably applied that interpretation to the facts. In applying the law to the facts of the particular case, the Board is endowed with a liberal CT Page 5807 discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal. Irwin v. Planning and Zoning Commission, supra,244 Conn. 628. In this case, the Commission stated the reasons for its action, and the court finds that at least one of the reasons, the adverse impact of noise on the environment, is reasonably supported by the record and is pertinent to the considerations which the Commission is required to apply under the zoning regulations. Zieky v. Town Plan and Zoning Commission,151 Conn. 265, 267-268 196 A.2d 758 (1963). "The agency's decision must be sustained if an examination of the record discloses evidence that supports any one of the reasons given." Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 539-540, 525 A.2d 940 (1987).
The defendant Commission was also reasonable in finding upon the evidence presented, that the impact of noise on the neighborhood is unacceptable as compared to uses and structures which would be permitted as of right. See Building Zone Regulations of the City of Norwalk, Section 181-1450 C(1)(h).
For all the foregoing reasons, the plaintiffs' appeal is dismissed.
So Ordered.
D'ANDREA. J.