[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs in this matter are appealing from a determination by the Oxford Zoning Board of Appeals on May 21, 2001 denying their appeal which sought to revoke a building permit granted to the defendants Vizzo. The denial of this appeal is contained in the Record as Exhibit 35, but sets forth no reasons for the denial. The court therefore is required to search the record to determine whether the Board's action was illegal, arbitrary or in abuse of its discretion.
As a preliminary matter, the court finds from the evidence presented at this court's hearing on the appeal that the plaintiffs are aggrieved parties within the definitions as prescribed by statute and have standing to prosecute their appeal as set forth in the complaint.
The court's review of such appeals as presented in this matter is limited. An appropriate exposition of the court's authority was set out in Cybulski v. Planning and Zoning Commission, 43 Conn. App. 105, 110. "Review of zoning commission decisions by the Superior Court is limited to a determination of whether the commission acted arbitrarily, illegally or unreasonably. Wnuk v. Zoning Board of Appeals, 225 Conn. 691, 695-96,626 A.2d 698 (1993). In appeals from administrative zoning decisions, the commission's conclusions will be invalidated only if they are not supported by substantial evidence in the record. Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525-540-41, 525 A.2d 940 (1987). The substantial evidence rule is similar to the `sufficiency of the evidence' standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id., 541-42. The settled standard of review of questions of fact determined by a zoning authority is that a court may not substitute its judgment for that of the zoning authority as long as it reflects an CT Page 2107 honest judgment reasonably exercised. Torsiello v. Zoning Board ofAppeals, 3 Conn. App. 47, 49, 484 A.2d 483 (1984). The court's review is based on the record, which includes the knowledge of the board members gained through personal observation of the site; id., 49-50; or through their personal knowledge of the area involved. Burnham v. Planning Zoning Commission, 189 Conn. 261, 267, 455 A.2d 339 (1983)." Where a zoning authority has not expressed the reasons for its decision, a reviewing court may only determine if the decision is supported by the record and in accordance with the law.
The basic gravamen of the plaintiffs' appeal is the question as to whether Old English Road is a town road or a private drive. It is the plaintiffs' claim that the defendant Zoning Board of Appeals was in error in accepting the conclusion of the Zoning Board that Old English Road is a town road. If Old English Road was not a town road then the application for a building permit by the defendants Vizzos should not have been granted as the zoning regulations in several respects as claimed by the plaintiffs would not permit such construction. If, however, Old English Road was properly held by the zoning commission to be a town road, then the action by the Commission in approving the application for the building permit would have been appropriate.
The record indicates that the Zoning Board considered the regulations in determining questions of access to the proposed lot (see Ret. of Rec. No. 15), the question of the status of Old English Road being a public or private way (see Ret. of Rec. No. 21, 22, 24) and the review of the several town authorities having land use concerns as regards the proposed construction (Ret. of Rec. No. 30). From all of this information developed in the course of processing the defendants Vizzo's application, the Zoning Board concluded that the issuance of the building permit was in conformance with the town's zoning regulations.
It appears to the court that the record adequately demonstrates the basis for such determination and supports the conclusion of the Zoning Board of Appeals that the Commission's actions in approving the application were reasonable.
Accordingly, the appeal is dismissed.
George W. Ripley II
Judge Trial Referee CT Page 2108