[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This vigorously contested action is an appeal brought pursuant to Connecticut General Statutes, Sections 8-8 and 8-9, by the two plaintiffs (hereinafter jointly "Spicer") from a decision of the defendant Noank Fire District Zoning Commission (hereinafter "Commission") rendered on July 10, 2001, which approved with conditions an application of defendant Bruce Avery (hereinafter "Avery") for approval of a site plan pursuant to the Noank Fire District Zoning Regulations (hereinafter "Regulations") for the development of his land at 63 Marsh Road, in the village of Noank, Town of Groton, Connecticut (hereinafter "the subject property"). The subject property is located in the Waterfront Commercial District as defined by the Regulations. The proposed development is a mixed waterfront commercial-related business and a residential use.
 PROCEDURAL BACKGROUND
This case was initiated by a Complaint dated July 26, 2001 brought on behalf of Spicer. Both defendants filed the appropriate responsive pleadings, a return of record and, after various interlocatory matters not here relevant, the matter was briefed and set down for a hearing before the undersigned in this court on February 20, 2003.
The court heard evidence regarding aggrievement indicating that Spicer was an adjoining owner. Without objection and on the basis of the evidence Spicer is found to be aggrieved within the meaning of the law.
 FACTUAL BACKGROUND
From the Record the following facts are found to be relevant.
Defendant Bruce W. Avery owns the property located at 63 Marsh Road in the Village of Noank, Connecticut. The subject property lies within the Waterfront Commercial District. Frederick H. Cousins and Althea N. CT Page 2890 Cousins previously owned the subject property. During the time Mr. Cousins owned the subject property, he ran a small boat yard and boat building operation out of the shed on the property, and he lived in the single-family residence on the property. The use of the subject property as a boat yard, as well as its use as a single-family residence, were consistent with the Regulations and constituted a preexisting non-conforming use. The record is devoid on any evidence concerning abandonment of these uses of the subject property.
On April 17, 2001, the Commission voted to accept an Application for Site Approval (hereinafter "Application") set July 19, 2001 for a public hearing on the Application. The Application included an original map of the subject property prepared to A-2 standards by Michael L. Scanlon of DiCesare-Bently Engineers, Inc. and the map bore Mr. Scanlon's signature and seal. The map showed the proposed uses and the continued use of the house as a residential structure. The Application also included a site plan of the proposed development that Mr. Avery himself prepared on a copy of the map. Mr. Avery requested on the Application a partial waiver under § 11.2.2 of the Regulations of the site plan requirement in § 11.6.4k of the Regulations pertaining to landscaping.
Following publication of notice on June 4 and 15, 2001, the public hearing was held on June 19, 2001. On June 6, 2001, Mr. Avery mailed notification of the public hearing to at least one owner of each lot within 150 feet of the subject property, and he submitted proof of the mailed notification to the Commission on June 8, 2001, in compliance with § 11.5.1 of the Regulations. Mr. Avery presented the Application at the hearing and explained how it complied with the Regulations. Mr. Avery testified he intended to maintain the existing residential structure and establish marine-related offices and other commercial uses in the existing under-utilized shed, which would receive a new foundation. The proposed commercial uses would conform to the requirements of the Regulations. Mr. Avery explained that the uses he proposed for his development in the Application complied with §§ 8.1.3, 8.1.4 and 8.1.5 of the Regulations, which permit residences, boat docks, slips, piers and wharves for yachts, pleasure boats, boats for hire and fishing vessels; a yard for building, storing, repairing, selling or servicing boats, including an office for the sale of marine equipment or products, dockside facilities for dispensing fuel and restroom and laundry facilities to service overnight patrons as accessory uses; and boat and marine engine sales and display, a yacht brokerage and marine insurance brokerage in the Waterfront Commercial District. The development plan showed a 20-foot interior drive and fire lane as required although a question has been raised concerning possible encroachment. CT Page 2891
Mr. Avery requested a partial waiver of the requirements of § 11.6.4k of the Regulations concerning landscaping. He explained that the waiver was necessary because of the small size of the development and irregularities in the subject property, which rendered impracticable the installation of landscaped areas five feet in width in some locations. Even so, the total amount of landscaping for the project was shown to be adequate, including the proportions to be placed in movable planters and tubs.
Three members of the public spoke briefly in favor of the Application. John Hewes, who owned adjoining property at 65 Marsh Road, supported the Application. William C. Spicer III on behalf of the plaintiffs herein stated his opposition with exhibits. Various boundary line claims were made that are no longer relevant, having been determined in another action in this court. Mr. Hewes spoke again as the final speaker to say that he did not object to the Application, as long as the proposed development did not extend into land along Marsh Road that he believed belonged to him. The Acting Chairman then closed the public hearing on the Application.
At its meeting on July 10, 2001, the Commission reviewed and discussed the site plan and survey with the Application. It voted unanimously to approve the Application with conditions. As the reason for its decision, the Commission stated, "Public Hearing record and evidence submitted with application meet Noank Zoning Regulations."
The Commission advised Mr. Avery of its approval of the Application in a letter dated July 11, 2001. Notice of the approval of the Application was published in The Day on July 17, 2001. On July 26, 2001, the plaintiffs brought their timely appeal from the Commission's decision to approve the Application.
 STANDARD OF REVIEW
The Commission acts in an administrative capacity upon a site plan application. Norwich v. Norwalk Wilbert Vault Co., 208 Conn. 1, 12,544 A.2d 152 (1988). The question for the Commission on a site plan application is whether or not the application conformed to the Zoning Regulations. Garrison v. Planning Board, 66 Conn. App. 317, 320,784 A.2d 951 (2001), cert. denied, 258 Conn. 944, 786 A.2d 429 (2001); see also Kosinski v. Lawlor, 177 Conn. 420, 427, 418 A.2d 66 (1979). Approval of a site plan amounts to a finding that it complied with all applicable zoning regulations. CRRA v. Planning and Zoning Commission,46 Conn. App. 566, 573, 700 A.2d 67 (1997). CT Page 2892
Review of zoning commission decisions by the Superior Court is limited to a determination of whether the Commission acted arbitrarily, illegally or unreasonably. Wnuk v. Zoning Board of Appeals, 225 Conn. 691, 695-96,626 A.2d 698 (1993). A zoning commission's conclusions will be invalid only if they are not supported by substantial evidence in the record.Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525,539-41, 525 A.2d 940 (1987). On questions of fact determined by a zoning authority, "a court may not substitute its judgment for that of the zoning authority as long as it reflects an honest judgment reasonably exercised." Cybulski v. Planning Zoning Commission,43 Conn. App. 105, 111, 682 A.2d 1073 (1996), cert denied, 239 Conn. 949,686 A.2d 123 (1996); see also Torsiello v. Zoning Board of Appeals,3 Conn. App. 47, 49, 484 A.2d 483 (1984). Where a zoning authority has expressed the reasons for its decision, a reviewing court "may only determine if the reasons given are supported by the record and are pertinent to the decision," and the authority's action "must be sustained if even one of the stated reasons is sufficient to support it." Torsiellov. Zoning Board of Appeals, supra, 3 Conn. App. 50. The court may grant relief on appeal only where the local zoning authority has acted arbitrarily or illegally or has abused the discretion vested in it.Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554, 573,538 A.2d 1039 (1988).
 ISSUES
Spicer in the Complaint alleged generally that the Commission in approving the Application of Avery was arbitrary and capricious, violated their due process rights (State and Federal) abused their discretion, exceeded their powers and violated their own regulations. In the Plaintiff's Brief, however, Spicer was somewhat more specific stating that there was an issue over ownership of some of the property included in the Application (since resolved in a separate action, as above) and that they acted arbitrarily and capriciously in that the Commission failed to adhere to its own regulations.
The first specific argument of Spicer is that since the subject property does not conform in size to the requirements of the regulations for residential use § 2.12 of the Regulations does not permit its use without the prior granting of a variance. That section deals with construction on non-conforming lots. The defendants argue that § 2.12 applies only to new construction and this Application relates only to existing structures.
The second argument is that the proposed use violates § 18.2.2 of the Regulations dealing with accessory uses because the commercial CT Page 2893 marine-oriented use exceeds the residential use on the lot. The defendant's response to this at oral argument was that the preexisting use is not simply a residential use but is a mixed residential and commercial use which is non-conforming indicating that Mr. Spicer, at the hearing before the Commission, acknowledged the preexisting nonconforming mixed use.
Third, it is argued that § 13.1B (or 13.3) of the Regulations does not permit the "expansion" of a non-conforming use. Defendants claim that section does not apply because all the uses made of the property now and proposed are permitted uses under the Regulations in the zone. Not only that the defendants claim that the granting of the Application by the Commission brings the property more in conformity with the Regulations than the existing non-conforming use.
Next the plaintiff argues that the provisions of § 11.2.1 were violated by the Commission requiring a waiver and specific finding concerning parking and increased impact. In response to this argument the defendants allege that a partial waiver was appropriately requested in the Application and that it was clearly given especially when one considers the discussion at the hearing. They also claim that no writing is specially required to set forth the Commission's findings as to the partial waiver.
Lastly, in the Spicer brief it is claimed that the Commission failed to adhere to § 9.1.9c of the Regulations relating to an unobstructed fire lane. With regard to the fire lane the defendants allege that the Commission intended that a 20-foot lane would have been provided in the location shown on the plan and that if because of the vagueness of the site plan measurements in the area of the residence the court determines that there is an encroachment by a section of the porch the applicant will modify the same to conform the plan to the requirements. In this regard, the defendants suggest that § 8-8 (h) of the General Statutes permit the court to partly modify the decision appealed from to require the full 20 feet as a condition to the granting of the Application.
Spicer's failure to brief the other issues alleged in their complaint results in the abandonment of those issues in this appeal. "Assignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court. Cohen v. Security Title Guaranty Co., 212 Conn. 436, 441,462 A.2d 510 (1989). Similarly, Constitutional claims not raised at trial are not considered on appeal. Mazur v. Blum, 184 Conn. 116, 120,141 A.2d 65 (1981); Hartford Electric Light Co. v. Water ResourcesCommission, 162 Conn. 89, 108-09, 291 A.2d 721 (1971)." CT Page 2894
 CONCLUSIONS OF LAW
The court finds that, except as specifically provided in the condition set forth below, the decision of the Commission is supported by substantial evidence in the record and for the reasons set forth below the appeal is dismissed with the issues being found in favor of the defendants.
The first claim of Spicer, that § 2.12 of the Regulations were violated is without merit, the court finding that said section applies only to proposed new construction as argued by the defendants.
With regard to the Spicer claim that the Commission's action violated § 18.2.2 relating to accessory uses, that claim can not be substantiated because the pre-existing non-conforming use was a mixed use as Mr. Spicer acknowledged at the hearing before the Commission and this section therefore does not apply.
The third argument of Spicer that §§ 13.1B and/or 13.3 of the Regulations does not permit an "expansion" of a non-conforming use. That section does not apply to the subject property or the Application. All of the uses proposed in the Application are permitted uses under § 8 of the Regulations. In other words the uses proposed are not "non-conforming"; they are conforming uses. The Commission's argument in its brief are found to be supported by the Record and the law.
The forth argument of Spicer is that the Commission violated § 11.2.1 of its Regulations by the granting of the Application of Avery. This claim also is not availing. A partial waiver was requested in the Application. The section referred to applies to a complete waiver, which Avery did not request.
Finally, Spicer claimed that the fire lane was obstructed by the building's footprint and thus deprived the lane of a full twenty-foot width in that area. Such a situation would violate § 9.1.9c of the Regulations. The defendants seemed to acknowledge that the site plan itself was not sufficiently specific or detailed in its measurements to allow a finding that the fire lane was or was not obstructed, but offered the court the opportunity allowed by § 8-8 (h) of the General Statutes to modify the decision appealed from to impose a condition that if necessary the porch on the building be modified to accommodate a full 20 feet for the fire lane as it passes that point. Such a result which the court will adopt conforms the modified decision to the provisions of the Regulations. CT Page 2895
Accordingly the court hereby modifies the Commission's granting of the Application by imposing a condition that if a measurement on the ground determines that a modification of the building footprint is required for the purpose of providing an unobstructed 20-foot fire lane the same will be made by the applicant before the implementation of the modified decision.
Robert C. Leuba, JTR CT Page 2896