[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter involves an appeal from the approval of an application for a variance by the defendant Zoning Board of Appeals, City of Shelton on May 21, 2002. The plaintiff, an abutting land owner, complains that the approval of the application filed by the co-defendant CCL Label, Inc., was illegal, arbitrary, and in abuse of its discretion in several particulars: that no unusual hardship was demonstrated by the applicant as required by law, that the granting of the variance was inconsistent with the comprehensive zoning plan, that such an action by the Zoning Board of Appeals did not meet the conditions specified in C.G.S. § 8-6 (a) (3). Several other claims were set out in the appeal but as they were not briefed the court considers them abandoned.
At the hearing on the appeal the parties were in agreement that the plaintiff as a present owner of property abutting the location described in the application is an aggrieved party so as to possess the requisite standing to prosecute the appeal.
The court's review of such appeals as presented in this manner is limited. An appropriate exposition of the court's authority was set out in Cybulski v. Planning and Zoning Commission, 43 Conn. App. 105, 110. "Review of zoning commission decisions by the Superior Court is limited to a determination of whether the commission acted arbitrarily, illegal or unreasonably." Wnuk v. Zoning Board of Appeals, 225 Conn. 691, 695-96 A.2d 698 (1993). In appeals from administrative zoning decisions, the commission's conclusions will be invalidated only if they are not supported by substantial evidence in the record. Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525-40, 41, 525 A.2d 940 (1987). The substantial evidence rule is similar to "sufficiency of the evidence" standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. It must be enough to justify if the trial were to a jury, a refusal to direct a CT Page 3984 verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id., 541-42. "The settled standard of review of questions of fact determined by a zoning authority is that a court may not substitute its judgment for that of the zoning authority as long as it reflects an honest judgment reasonably exercised." Torsiello v. Zoning Board ofAppeals, 3 Conn. App. 47, 49, 484 A.2d 483 (1984). The court's review is based on the record, which includes the knowledge of the board members gained through personal observation of the site; id., 49-50; or through their personal knowledge of the area involved. Burnham v. Planning Zoning Commission, 189 Conn. 261, 267, 455 A.2d 339 (1983).
The Zoning regulations for the City of Shelton vest the authority for the granting of variances from the strict application of zoning requirements in the Zoning Board of Appeals pursuant to the provision found in Section 4. Under Sec. 4.2.3 (p. 1-6) a variance may be granted where "owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done." The same authority is also granted to boards of appeals by C.G.S. § 8-6 (a)(3).
The applicant in this matter sought relief from setback requirements in order to construct an addition to the existing structure. The necessity for such claimed by the applicant was because their manufacturing processes required a certain proximity to existing facilities and an addition to the rear of the existing building was to some extent not feasible because of subsurface ground conditions. Also the substantial presence of wetlands on the applicant's property limited the applicant's ability to construct the desired addition at any location except in the front of the present structure. Such construction required a relaxation of the setback requirement from the street line from 75 feet to 18 feet.
The Board held at a public hearing on the co-defendant's application on May 21, 2002 (R.O.R. Ex. H) pursuant to published notice and the applicant set forth the several reasons for the application and its presentation and effect was discussed by board members and interested members of the public including the plaintiff. Following the public hearing, the Board by unanimous vote approved the application noting that the testimony supported the applicant's claim that the proposed location was the only reasonable place for expansion due to the existence of wetlands on the property. The Board with their knowledge of the area also felt the addition would be attractive and a benefit to the neighborhood by moving the existing parking lot to the rear of the building and concluded "therefore, with due consideration for the public health, CT Page 3985 safety, welfare and property values" the approval is granted. (R.O.R. Ex. O.) The Board thus followed the dictate of Section 4.2.3 of the Shelton regulations in approving the variance. It is clear from the record that the presence of designated wetland areas to the side and rear of the property directed that any expansion of the applicant's facility at ground level was confined to the front of the building as proposed and eventually approved. The applicant thus demonstrated that because of the peculiar characteristic of its property i.e. extensive wetlands, the strict application of the zoning regulation produced an unusual hardship as opposed to the general impact which the regulation had on other properties in the area. See Dolan v. Zoning Board of Appeals, 156 Conn. 426,430. Stillman v. Zoning Board of Appeals, 25 Conn. App. 631, 636. Using their own familiarity with the area, the Board concluded that the change contemplated would not materially affect the stability of property values in the neighborhood, the maintenance of which is one of the main purposes of zoning. London and Lancashire Indemnity Co. v. Duryea, 143 Conn. 46,53.
The court finds that the granting of this variance in this matter was in accordance with the law and amply supported by the record.
The appeal is dismissed.
 George W Ripley II Judge Trial Referee
CT Page 3986